



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | No.   CV 04-5224-JTL<br><br>MEMORANDUM OPINION AND ORDER<br><br>THIS CONSTITUTES NOTICE OF ENTRY<br>AS REQUIRED BY FRCP, RULE 77(d). |

PROCEEDINGS

On July 12, 2004, Ismael Rivera ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for Supplemental Security Income benefits.  On August 19, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on January 18, 2005, defendant filed an Answer to Complaint.  On March 25, 2005, the parties filed their Joint Stipulation.

　　　The matter is now ready for decision.

///

///

## BACKGROUND

On June 16, 2000, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 63-65). Plaintiff alleged that, beginning on September 17, 1999, he was unable to work because of the following impairments: carpal tunnel syndrome, diabetes, vision problems, numbness in legs and feet, headaches, high blood pressure, and dizziness. (AR at 41, 47, 63). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 41-44, 47-51).

On June 19, 2001, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 52). On September 27, 2002, the ALJ conducted a hearing in Orange, California. (AR at 25-38). Plaintiff appeared at the hearing with his counsel, and testified. (AR at 30-36). Jeannine Metildi, a vocational expert, also testified. (AR at 36).

On November 15, 2002, the ALJ issued his decision denying benefits. (AR at 11-20). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome status post right carpal tunnel release; diabetes mellitus, and sequela, including dizziness, vision problems, and neuropathies; high blood pressure; and headaches. (AR at 16, 19). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 16, 19). The ALJ also found that plaintiff did not suffer from a severe mental impairment. (AR at 17, 19). The ALJ concluded that plaintiff retained the residual functional capacity to perform a full range of light work, including his past relevant work as a sweeper. (AR at 18-

20).  Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act.  (AR at 20).

On January 6, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision.  (AR at 9).  The Appeals Council subsequently affirmed the ALJ's decision.  (AR at 4-6).

### PLAINTIFF'S CONTENTION

Plaintiff contends that the ALJ erred in failing to give the proper weight to the opinion of plaintiff's treating physician.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

DISCUSSION

A. **Whether the ALJ Properly Rejected the Opinion of Plaintiff's Treating Physician**

In his sole claim, plaintiff contends that the ALJ improperly dismissed the opinion of his treating physician, David L. Wood, M.D.. Specifically, plaintiff faults the ALJ for not providing any reason for rejecting Dr. Wood's opinion. As discussed below, the Court agrees.

An ALJ should place greater weight on a treating physician's opinion than that of an examining physician. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("It is clear that more weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.'")(quoting Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews, 53 F.2d at 1041. The proper weight that an ALJ should place on a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record. See 20 C.F.R. §§ 404.1527, 416.927.

Moreover, an ALJ may disregard a treating physician's opinion whether or not other medical evidence contradicts that opinion. See Andrews, 53 F.3d at 1041. However, before rejecting a treating physician's uncontroverted opinion, the ALJ must present clear and convincing reasons for doing so. See Andrews, 53 F.3d at 1041; see

also Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir. 1984). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996). "Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041.

In this case, plaintiff sustained injuries to his upper extremities in the course of his duties as a box spring maker. (See, e.g., AR at 28, 31, 271). On January 26, 2000, plaintiff underwent open carpal tunnel release on his right wrist.[1] (See, e.g., AR at 28, 142, 147-48, 271). After the surgery, plaintiff was treated with physical therapy and wrist bracing. (See, e.g., AR at 113-46 (Physical Therapy Records covering period from 2/14/99 to 6/28/00 from Pollack Physical Therapy and Sports Clinic)).

On August 1, 2000, Dr. Wood completed a Primary Treating Physician's Permanent and Stationary Report. (AR at 268-73). In the report, Dr. Wood stated that plaintiff suffered from right lateral

---

[1] Carpal tunnel release is surgical decompression of the carpal tunnel using an open technique or endoscopy. See The Merck Manual of Diagnosis and Therapy, pg. 492 (17th ed. 1999).

5

epicondylitis,[2] status post open right carpal tunnel release, and left carpal tunnel syndrome. (AR at 270-71). According to Dr. Wood, plaintiff was unable to return to his past work as a box spring maker, and had the following prophylactic work restrictions: (1) regarding the right elbow, plaintiff should be precluded from lifting, pushing or pulling heavy objects with the right upper extremity, and repetitive flexion and extension of the right elbow; and (2) regarding the bilateral wrists, he should be precluded from repetitive gripping and grasping, repetitive fine manipulation with both hands, and heavy lifting with the right hand. (AR at 272).

Dr. Wood's opinion conflicts with other medical evidence in the record. For example, Denny H. Lee, M.D., a State Agency physician, examined plaintiff on August 31, 2000, and concluded he could perform a full range of light work.[3] (AR at 147-51). Further, Dr. Lee opined plaintiff had no limitations with fine or gross manipulation and could reach in all directions. (AR at 150). Additionally, in October 2000 and March 2001, State Agency physicians reviewed plaintiff's medical records, and concluded he could perform a full range of medium work and had no limitations with manipulation or the ability to push/pull.[4] (AR at 162-69, 179-86).

---

[2] "Lateral epicondylitis" is an "overuse syndrome" caused by "continued stress on the grasping muscles... and supination muscles... of the forearm." See The Merck Manual of Diagnosis and Therapy, pg. 505 (17th ed. 1999).

[3] Light work involves no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b).

[4] Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. 20 C.F.R. § 404.1567(c).

Accordingly, because medical evidence in the record contradicted Dr. Wood's opinion, the ALJ had to give specific and legitimate reasons for disregarding that opinion.  See Lester, 81 F.3d at 830 (supra).

In his decision, the ALJ reviewed the medical evidence in the record, and concluded plaintiff could perform a full range of light level work.  (AR at 18).  Specifically, the ALJ found plaintiff could "occasionally lift up to twenty pounds at a time, and frequently lift and carry ten pounds, as well as stand and/or walk for a total of six hours in an eight-hour workday."  (AR at 18).  He further found plaintiff had "no postural, manipulative, or visual limitations."  (AR at 18).  Based on this residual functional capacity, the ALJ determined that plaintiff could perform his past relevant work as a sweeper.  (AR at 19).

In so concluding, however, the ALJ failed to give any reason, let alone a "specific and legitimate" reason, for rejecting Dr. Wood's opinion that plaintiff should be precluded from repetitive flexion and extension of the right elbow, repetitive gripping and grasping, and repetitive fine manipulation with both hands.  This omission constitutes reversible error.[5]

---

[5] The Court finds that the ALJ's failure to address Dr. Wood's opinion regarding plaintiff's limitations is especially significant in light of his conclusion that plaintiff could work as a sweeper.  Indeed, the Court notes that the Dictionary of Occupational Titles ("DOT") (4th ed. 1991) classifies "sweeper" as either heavy or medium work, but not light level work. See DOT # 381.687-014, 381.687-018.  In his decision, the ALJ states that the vocational expert testified that "sweeper" is classified as unskilled, light level work.  But a review of the transcript from the hearing reveals that the vocational expert actually stated that sweeper is classified as unskilled, medium
(continued...)

B.  **Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223

---

[5](...continued)
level work, but that "[plaintiff] performed it at the light level." (AR at 36). Furthermore, it does not appear that the vocational expert ever testified that plaintiff could work as a sweeper. (See AR at 36). On remand, the ALJ should determine whether plaintiff's work as a sweeper actually qualifies as "past relevant work" - it appears from the record, plaintiff only worked as a sweeper for two months. (AR at 74). If the occupation of "sweeper" does qualify as plaintiff's past relevant work, the ALJ must then make a careful determination regarding whether plaintiff can work as a sweeper as it is generally performed in the national economy; the ALJ must also set forth his reasoning in detail in the disability decision. See, e.g., Social Security Regulation 82-62 (Any determination regarding the claimant's ability to perform past work "must be developed and explained fully in the disability decision," and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." This determination requires "a careful appraisal" of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the Dictionary of Occupational Titles. Adequate documentation must be obtained to support the decision, including "factual information about those work demands which have a bearing on the medically established limitations.").

F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, the Court finds remand appropriate. On remand, the ALJ must reassess Dr. Wood's medical opinion and credit that opinion, unless he can state specific and legitimate reasons for rejecting it.

## ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: July 20, 2005

JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE